**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| In re ALAN A. ASKEW and AMY M. ASKEW, )<br>)<br>Debtor. )<br>_____ ) | Case No. 09-60155-LYN |

### **MEMORANDUM AND ORDER**

This matter comes before the court on a motion by Alan A. Askew and Kamy M. Askew ("the Debtors") to compel the chapter 13 trustee to recover distributed funds from unsecured creditors so that the same may be turned over to the Debtors.

*Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This court may render a final order.

*Facts*

On January 19, 2009, the Debtors filed the above-styled Chapter 13 case. The bar date for filing proofs of claim by government entities was July 20, 2009. On April 16, 2009, the Debtors' first plan ('the Original Plan") was confirmed by this Court. The Original Plan did not provide for the treatment of an IRS claim.

On April 15, 2010, the Debtors filed a modified plan ("the Modified Plan"). The Modified Plan disclosed that it was being modified to "… provide for the payment of 2009 federal and state income taxes." In paragraph 2.B., the Modified Plan provides that the Chapter 13 trustee is to pay $6,013.00 to the IRS and $394.00 to the Virginia Department of Taxation

("VDOT") for the tax year 2009. Both of these debts arose from post-petition priority claims. The Modified Plan lowered the amount of the monthly payments, but extended the plan from 48 months to 60 months.

On April 16, 2010, the Debtors filed amended schedules that added the IRS and the VDOT as creditors with claims in the amounts that were set forth in the Modified Plan. The Court confirmed the Modified Plan on June 11, 2010.

On July 6, 2010, VDOT filed a priority proof of claim in the amount of $394.00 for taxes owed for the tax year ended December 31, 2009. The Chapter 13 trustee paid the VDOT claim in full. The IRS did not file a proof of claim until after the case was closed. Consequently, the Chapter 13 trustee did not make any payments to the IRS.

The Debtors paid off their plan early. On February 2, 2011, the Trustee filed his "Report of Completion of Plan Payments," advising the Court and the Debtors that they had successfully made all payments required by their confirmed plan. On March 4, 2011, the Debtors received a discharge. On April 14, 2011, the Chapter 13 trustee filed the "Final Report and Account for this case." The Chapter 13 trustee did not distribute any funds to the IRS. The case was closed in the normal course.

On May 25, 2011, the Debtors filed a motion to reopen the case. On May 26, 2011, the IRS filed with the Court a proof of claim in the amount of $2,673.75 for post-petition unsecured priority taxes for the tax year ended December 31, 2009. The Chapter 13 trustee filed an objection to the proof of claim on the grounds that it was not timely filed. The Debtors filed a motion to compel the Chapter 13 trustee to recover funds from unsecured creditors and pay the same to the IRS. The Chapter 13 trustee filed an objection to the motion.

All matters came on for hearing and were taken under submission.

*Discussion*

Two motions are before the Court. The first is the Chapter 13 trustee's objection to the claim of the IRS. The second is the Debtors' motion to compel the Chapter 13 trustee to recover funds paid to unsecured creditors and to pay the same to the IRS on the grounds that it is untimely filed. The claim of the IRS will be disallowed. Because the IRS claim will be disallowed, the Chapter 13 trustee has no authority to pay that claim. Consequently, there is no reason to compel the trustee to recover funds from other unsecured creditors.

*Allowance of the IRS Proof of Claim.* A creditor may file a proof of claim. 11 U.S.C. § 501(a). An unsecured creditor must file a proof of claim in order to be allowed. Fed.R.Bankr.P. 3002(a). A taxing authority such as the IRS, but not a debtor or the Chapter 13 trustee, may file a proof of claim for post-petition taxes. See 11 U.S.C. § 1305. Also see In re Pritchard, 55 B.R. 557 (Bankr. W.D. Va. 1985). After a plan is confirmed, distribution shall be made to creditors whose claims have been allowed. Fed.R.Bankr.P. 3021. "[A]bsent a timely proof of a claim, a creditor is not entitled to receive a distribution even though the confirmed plan provides for payments on the claim." In re Jurado, 318 B.R. 251, 255-256 (Bankr. P.R. 2004) (quoting In re Matter of Zich, 291 B.R. 883, 886 (Bankr. M.D. Ga. 2003). The IRS did not file a proof of claim during the pendency of the this case and so it was not entitled to distribution under the Modified Plan.

The Debtors argue that the claim should be allowed post-closing and that the Chapter 13 trustee should be compelled to recover funds from the unsecured creditors who were paid under the plan and distribute the funds to the IRS.

3

Section 1305 does not prescribe when a proof of claim is to be filed under that Section. The normal deadline for filing proofs of claim does not apply to a post-petition claim filed pursuant to Section 1305. See In re Woods, 316 B.R. 522 (Bankr. N.D. Ill. 2004).

In the absence of a statutory deadline, the defense of laches may be available to an objecting party. Laches is an affirmative defense which must be pled and proved by defendants. Matter of Henderson, 577 F.2d 997, 1002 (5th Cir. 1978). In this case, the Chapter 13 trustee has not pled the defense of laches by name but has, sufficiently, pled the elements of laches. Under the doctrine of laches, the defending party must demonstrate both unreasonable delay and prejudice to the party who raises the defense. The Chapter 13 trustee asserts that the claim is filed too late because it is filed after all funds were distributed from the estate and that allowing the claim would be prejudicial to the unsecured creditors whose claims were allowed and paid.

The Court agrees with the trustee. A claim that is filed after a Chapter 13 estate is distributed to other creditors and the case is closed constitutes unreasonable delay. Nor is it relevant that the Debtors paid all of their plan obligations before the time allotted under the plan. The IRS had more than a year to file the proof of claim, but elected not to do so. Finally, compelling the other creditors to return funds paid by the Chapter 13 trustee would clearly prejudice them. The Chapter 13 trustee administered this case in compliance of law. He should not be compelled to incur time and expense to correct a situation that was not of his own doing.

The Debtors ask that this case be allowed to remain open so that they may file another modified plan in order to provide for the claim of the IRS for the tax year ended December 31, 2009. In light of the fact that this case has been fully administered, the fact that the Debtors have received a discharge and the fact that the case has been closed, it is concluded that this goal,

while admirable, would be better served by the filing of a new petition.[1]

**ORDER**

The objection of the Chapter 13 trustee to the claim of the Internal Revenue Service is sustained. The motion of the Debtors to compel the Chapter 13 trustee to recover funds paid to other unsecured creditors and distribute the same to the Internal Revenue Service shall be, and hereby is, denied. This case shall be closed without prejudice to the Debtors filing another Chapter 13 petition to provide for the claim of the Internal Revenue Service for the tax year ended December 31, 2009. This Court makes no determination regarding the existence, validity or amount of the debt owed by Alan A. Askew and Kamy M. Askew to the Internal Revenue Service for income taxes due for the tax year ended December 31, 2009.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Stephen E. Dunn, Esq., and the Chapter 13 trustee.

Entered on this  15th  day of September, 2011.

William E. Anderson
United States Bankruptcy Judge

---

[1] The fact that the Debtors may not be eligible for a discharge in a subsequent case is irrelevant in that the claim must be paid in full under any subsequent plan.